**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **FREDERICK LAMONT ROBINSON,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-582-Y |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Frederick Lamont Robinson, TDCJ-ID # 567026, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.  FACTUAL AND PROCEDURAL HISTORY

Robinson is serving a life sentence on his 1990 murder conviction in the Criminal District

Court Number One of Tarrant County, Texas, No. 0349536A. *Ex parte Robinson*, State Habeas Application No. 27,472-04 at 39.[1] Robinson has filed three previous federal petitions challenging TDCJ's denial of his release on parole.

### D. ISSUES

Robinson claims (1) the state trial court never acquired jurisdiction over his case because there was no valid grand jury indictment for first-degree murder, and (2) his trial counsel was ineffective for coercing him to plead guilty without adequately investigating the charging instrument. (Petition at 7)

### E. RULE 5 STATEMENT

Thaler has filed a motion to dismiss Robinson's petition as successive. *See* 28 U.S.C. § 2244(b)(1)-(3).

### D. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Robinson asserts his petition should not be dismissed as successive because he has diligently investigated his claims, he has limited legal knowledge and access to necessary legal materials, and he is actually innocent of the offense for which he was convicted. However, using

---

[1] The court takes judicial notice, as it is entitled to do, of the state court records in Robinson's previous federal habeas case in Civil Action No. 4:08-CV-565-A.

2

due diligence, Robinson could have discovered the factual basis of his claims during the 1990 state court proceedings or shortly thereafter. Thus, this, Robertson's fourth federal habeas petition, is successive.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Notwithstanding Robinson's reasons for failing to raise his current claims in a previous petition, he has not obtained leave to file a successive petition. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II.  RECOMMENDATION

In the interest of justice, it is recommended that the state's motion to dismiss be denied and that this action be transferred to the United States District Court of Appeals for the Fifth Circuit to determine whether a successive § 2254 petition should be allowed.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 4, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 4, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 14, 2009.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE